

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00043-CV

TARRANT REGIONAL WATER
DISTRICT

APPELLANT

V.

RICHARD JOHNSON AND
SHARKARA JOHNSON,
INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVES
OF THE ESTATE OF BRANDY
JOHNSON

APPELLEES

----------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 048-274121-14

----------

## CONCURRING AND DISSENTING OPINION

----------

Under the Texas Tort Claims Act, a governmental unit is liable for "personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant

according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011); *see State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). In premises-defect cases, the governmental unit owes the duty of care "that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (West 2011). A licensee must prove that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's failure was a proximate cause of injury to the licensee. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g); *see also Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (citing *Payne*, 838 S.W.2d at 237).

No one disputes that TRWD knew of the water flow rate, the slippery chute, and the scour hole, and there is some evidence in the record that TRWD knew about the boil effect. There is at least some evidence in this record that Johnson did not know of the alleged danger. In discharging its duty to exercise ordinary care to protect Johnson from the dangers alleged, TRWD must have either warned of the dangerous condition or made such dangerous condition reasonably safe. The Johnsons argue that the nebulus warning, "SAFETY FIRST PLEASE WATCH YOUR CHILDREN," is tantamount to no warning at all as pertaining to a deceptively fast water flow rate, a chute designed to be slippery, and a scour hole and boil effect that could not be detected with the

2

naked eye. On these pleadings and with this evidence, I would hold that the trial court did not err by denying TRWD's plea to the jurisdiction as to complaints regarding these four conditions. To the extent that the majority does not so hold, I respectfully dissent.

I concur with the majority's conclusion that the Johnsons "have not alleged or shown a viable claim" under either a misuse of personal property theory or a special defect theory, and I would sustain TRWD's issue in part as to these two claims. Otherwise, I would overrule the remainder of TRWD's sole issue on appeal.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
JUSTICE

DELIVERED: December 30, 2016

3